UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| CHRISTOPHER SANCHEZ, | ) | CASE NO. C05-0962-RSM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | SUPPLEMENTAL REPORT |
| | ) | AND RECOMMENDATION |
| SANDRA CARTER, | ) | |
| | ) | |
| Respondent. | ) | |

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254. Petitioner, Christopher Sanchez, seeks relief from his 1999 King County convictions on charges of possession of cocaine, robbery in the first degree, and delivery of material in lieu of a controlled substance.[1] Petitioner presents the following five grounds for relief in his federal habeas petition: (1) the analysis conducted by the Washington Court of Appeals with respect to the accomplice liability jury instruction was not consistent with federal precedent; (2) the prosecutor engaged in misconduct; (3) petitioner's trial counsel rendered ineffective assistance; (4) petitioner's right to a unanimous jury verdict was violated; and, (5) the jury engaged in misconduct.

On February 22, 2006, the undersigned issued a Report and Recommendation ("R&R")

---

[1] A detailed recitation of the factual and procedural history relevant to this case is set forth in this Court's original Report and Recommendation. (*See* Dkt. No. 32.)

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -1

recommending that petitioner's federal habeas petition be denied. Following a careful review of the record, this Court concluded that petitioner had properly exhausted his first ground for relief, but that he had failed to properly exhaust his second, third, and fifth grounds for relief. With respect to petitioner's fourth ground for relief, this Court noted that the exhaustion issue was less clear and that the issue *may* have been properly exhausted under state law. The Court further noted, however, that it need not resolve the exhaustion issue with respect to that claim because the claim was without merit and therefore subject to denial even absent exhaustion.

On May 8, 2006, the Honorable Ricardo S. Martinez, United States District Judge, issued an Order adopting this Court's R&R in part, and re-referring the petition to this Court for further consideration of certain issues. Specifically, Judge Martinez adopted this Court's conclusions with respect to exhaustion as to petitioner's first, second, third, and fifth grounds for relief, but declined to adopt the R&R to the extent that it failed to conclusively resolve the exhaustion question as to petitioner's fourth ground for relief. Judge Martinez further declined to adopt the R&R to the extent that it recommended that petitioner's accomplice liability jury instruction claim and his jury unanimity claim be denied. Judge Martinez referred the matter back to this Court for further consideration of the exhaustion issue with respect to ground four, and for further consideration of the merits with respect to grounds one and four. This Court's discussion of the re-referred issues follows:

**1.    *Erroneous Accomplice Liability Instruction***

Petitioner argued on direct appeal of his conviction that the accomplice liability instruction given at his trial was erroneous in that it relieved the state of its burden of proving all essential elements of the charged crime. Petitioner, in presenting his claim to the state courts on direct

01 appeal, relied upon *State v. Brown*, 147 Wn.2d 330 (2002). In *Brown*, the Washington Supreme

02 Court followed the United States Supreme Court's holding in *Neder v. United States*, 527 U.S.

03 1 (1999), that an erroneous jury instruction that omits an element of the offense is subject to

04 harmless error analysis. The Washington Supreme Court, in *Brown*, also adopted the harmless

05 error test set forth in *Neder*.

06     Respondent conceded on appeal that the challenged accomplice liability instruction was

07 erroneous under state law. The focus of the Court of Appeals' analysis was therefore on whether

08 the instructional error was harmless. The Court of Appeals, after analyzing the instructional error

09 under *Brown* and, by extension, *Neder*, concluded that the instructional error was harmless. *State*

10 *v. Sanchez*, 2003 WL 22329281, at *6.

11     In his petition for review to the Washington Supreme Court, petitioner argued that the

12 Court of Appeals' had misinterpreted and misapplied the harmless error test adopted in *Brown*.

13 The Washington Supreme Court did not discuss this contention as it denied review without

14 comment. Petitioner, in these proceedings, argues that the harmless error standard employed by

15 the state courts in resolving his jury instruction challenge was contrary to, or involved an

16 unreasonable application of, federal law as established by the United States Supreme Court in

17 *Neder v. United States*, 527 U.S. 1 (1999).

18     In *Neder*, the Supreme Court held that an erroneous jury instruction that omits an element

19 of the offense is subject to harmless-error analysis, and employed the test set forth in *Chapman*

20 *v. California*, 386 U.S. 18 (1967), to determine whether the instructional error at issue was

21 harmless. *Neder*, 527 U.S. at 15. The test set forth in *Chapman* is "whether it appears 'beyond

22 a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id*.

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -3

(quoting *Chapman*, 386 U.S. at 24.)

Petitioner argues in these proceedings that the test set forth in *Neder* permits an instructional error, such as the one at issue here, to be found harmless *only* if the omitted element is supported by uncontroverted evidence. Petitioner, in reliance, on *Brown*, presented the same argument to the state courts on direct appeal. The Court of Appeals rejected petitioner's argument, explaining that "uncontroverted evidence is one means by which a reviewing court can determine an instructional error to be harmless, but it is not the only means, and our Supreme Court did not rule otherwise in *Brown*." *State v. Sanchez*, 2003 WL 22329281, at *7. The Court of Appeals went on to state that "we conclude beyond a reasonable doubt that the error in the accomplice liability instruction did not contribute to the verdict." *Id.*, at *8.

Notwithstanding petitioner's protestations to the contrary, the analysis of the Washington Court of Appeals was consistent with *Neder*. While the Supreme Court did state that the failure to instruct on an element of the offense is harmless if the omitted element is supported by uncontroverted evidence, language in later parts of the opinion suggests to this Court that the Supreme Court did not limit any finding of harmlessness to those precise circumstances. *See Neder*, 527 U.S. at 18-19. After making this reference to "uncontroverted evidence," the Supreme Court went on to explain that the role of the reviewing court in making the harmless error inquiry is to ask "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is 'no,' holding the error harmless does not reflect a denigration of the constitutional rights involved." *Id.* at 19 (quotations and citations omitted). This quote suggests that evidence need not be uncontroverted in order to establish that an instructional error such as the one challenged here was harmless. This

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -4

interpretation of the law was also reached by the Washington Court of Appeals on direct appeal.

Moreover, even if this Court were to conclude that the state court did improperly apply the *Neder* standard, a conclusion which is not supported by the record, such a conclusion would not entitle petitioner to relief in these proceedings. The underlying issue remains whether or not the erroneous jury instruction deprived petitioner of his federal constitutional right to a jury trial. The *Chapman* harmless error standard, which was relied upon by the Supreme Court in *Neder*, is the appropriate standard for determining whether an error is harmless on direct review and therefore was the proper standard for the state courts to rely upon in reviewing petitioner's conviction. However, a less onerous harmless error standard is applicable on habeas review*See Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993); *California v. Roy,* 519 U.S. 2 (1996). The standard for determining whether relief must be granted on federal habeas review is whether any claimed error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 638 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).

As this Court noted in its original R&R, the trial record amply supports the conclusion that petitioner was the principal in the robbery. The evidence presented at trial established that petitioner initiated the deal, and that petitioner alone negotiated the deal with Curtis Walker. It was petitioner who provided Walker with a sample of cocaine to test for purity, and petitioner who insisted on seeing Walker's money prior to consummating the deal. Petitioner negotiated with Walker where the deal would take place, petitioner orchestrated the exchange at the Northgate Mall, and petitioner ended up with money.

Aside from serving as petitioner's driver throughout the day, Emanuel Johnson played no active role in the process until after petitioner received the money from Walker in exchange for

the duffel bag which contained only a videotape wrapped in a garbage bag. At that point, Johnson pulled out a gun and began firing at Walker and his companion Joseph Moore. Petitioner ran away with the money, while Johnson was left to struggle with Walker and Moore. Johnson was ultimately shot to death by Moore. The prosecution theorized, based on this evidence, that petitioner was the negotiator of the cocaine deal and Johnson was essentially the muscle.

While petitioner asserts that he vigorously controverted the evidence of his role as principal in that offense, the record does not support this assertion. Petitioner's counsel touched on the issue only briefly in her closing argument. (Dkt. No. 23 at 95.) Specifically, counsel argued that "there is no evidence that my client was actually an accomplice in this case. There has been no showing that he actually solicited Mr. Johnson, or encouraged him, or requested him to rob anyone, or that there was some sort of agreement between them to commit a robbery." ( *Id*.) Other than this brief argument, petitioner offered nothing to controvert the substantial amount of evidence offered by the state that he acted as the principal with respect to each of the charged offenses. This Court is satisfied, based upon its review of the entirety of the trial record, that the erroneous accomplice liability instruction did have not "a substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637.

### 2.  *Jury Unanimity Claim*

As noted above, Judge Martinez directed further consideration on two issues related to petitioner's jury unanimity claim (ground four). First, Judge Martinez directed this Court to consider whether petitioner's jury unanimity claim was properly exhausted. Second, Judge Martinez directed this Court to consider petitioner's issues pertaining to whether the prosecutor proved all of the elements of the crime of possession of a controlled substance, and whether the

01 Court of Appeals created a jury unanimity problem by determining that the conviction could be
02 affirmed on an alternate theory argued at trial.

03      *a.     Exhaustion*

04      As discussed in this Court's original R&R, state remedies must first be exhausted on all
05 issues raised in a federal habeas corpus petition. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C.
06 § 2254(b), (c). Exhaustion must be shown either by providing the highest state court with the
07 opportunity to rule on the merits of the claim or by showing that no state remedy remains
08 available. *Batchelor v. Cupp*, 693 F.2d 859 (9th Cir. 1982), *cert. denied*, 463 U.S. 1212 (1983).
09 The exhaustion requirement is a matter of comity, intended to afford the state courts "the first
10 opportunity to remedy a constitutional violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir.
11 1981). A federal habeas petitioner must provide the state courts with a fair opportunity to apply
12 controlling legal principles to the facts bearing on his constitutional claim. *Picard v. Connor*, 404
13 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982).

14      A habeas petitioner who fails to meet a state's procedural requirements for presenting his
15 federal claims deprives the state courts of the opportunity to address those claims in the first
16 instance. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). Presenting a new claim to the
17 state's highest court in a procedural context in which its merits will not be considered absent
18 special circumstances does not constitute fair presentation of the claim for exhaustion purposes.
19 *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346,
20 351 (1989)).

21      Respondent argued in her original answer to the petition that petitioner did not properly
22 present his fourth ground for relief to the state courts because he failed to raise the claim in the

01 Washington Court of Appeals before presenting it to the Washington Supreme Court in his
02 petition for review on direct appeal. (*See* Dkt. No. 21 at 12.) Respondent noted that petitioner
03 had presented the same issue to the Washington Court of Appeals, but had couched the issue in
04 terms of insufficient evidence, not in terms of a right to a unanimous verdict. (*Id.*) Respondent
05 failed to note, however, that petitioner argued to the Washington Supreme Court that the Court
06 of Appeals itself had *created* the jury unanimity problem by the manner in which it resolved
07 petitioner's sufficiency of the evidence claim.

08       Washington law provides that when reviewing decisions of the Court of Appeals, the
09 Washington Supreme Court is generally limited to review of issues presented to, and decided by,
10 the Court of Appeals "and to claims of error directed to that court's resolution of such issues."
11 *State v. Cunningham*, 93 Wash.2d 823, 837 (1980) (citing *Peoples Nat'l Bank of Wash. v.*
12 *Peterson*, 82 Wash.2d 822, 830 (1973)). Because petitioner's jury unanimity claim arguably arose
13 out of the manner in which the Court of Appeals resolved petitioner's sufficiency of the evidence
14 claim, the jury unanimity claim may reasonably be construed as a claim of error directed to the
15 Court of Appeals' resolution of an issue presented to it for review. *See Cunningham*, 93 Wash.
16 2d at 837; *Peoples Nat'l Bank of Wash.*, 82 Wash. 2d at 830. Accordingly, this Court concludes
17 that the issue was fairly presented to the Washington Supreme Court for review and is therefore
18 deemed properly exhausted for purposes of federal habeas review.

19     ***b.    Merits***

20     Petitioner argued on direct appeal that the state failed to prove beyond a reasonable doubt
21 that he had possessed a controlled substance. Specifically, petitioner argued that the state failed
22 to prove that he had constructively possessed cocaine which was found in a compartment of the

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -8

01 vehicle which had been rented by petitioner's friend, Emanuel Johnson, and which had been in
02 Johnson's control the entire day. Petitioner argued that he was merely a passenger in the vehicle
03 for two brief rides, and that he therefore had no dominion or control over the truck.

04 The Court of Appeals, in addressing petitioner's sufficiency of the evidence claim, noted
05 that petitioner's claim focused on the cocaine found in the vehicle and his assertion that the State
06 could only prove possession of that cocaine based on a theory of constructive possession. *State
07 v. Sanchez*, 2003 WL 22329281, at *8. The Court of Appeals further noted, however, that in its
08 view the State had argued two different theories to support the possession of cocaine charge; *i.e.*,
09 that petitioner could be convicted based either on the cocaine found in the vehicle, or the cocaine
10 petitioner brought with him to Curtis Walker's house to negotiate the sale of the kilo. *Id*. The
11 Court of Appeals concluded that while the State had not met its burden of proof for the former
12 theory of possession, the state had met its burden for the latter one. *Id*.

13 In his petition for review to the Washington Supreme Court, petitioner asserted that the
14 Court of Appeals' conclusion that the State had argued two different theories to support the
15 possession of cocaine charge misstated the prosecution's argument, which was that the cocaine
16 found in the vehicle was the same cocaine petitioner "allegedly 'cooked' for Walker." (*See* Dkt.
17 No. 22, Ex. 11 at 20.) Petitioner argued, however, that assuming the Court of Appeals' view of
18 the prosecution's theory was correct, the rationale created a constitutional problem of jury
19 unanimity because the state failed to elect the act upon which it relied for conviction. (*Id*.)

20 The trial transcript reveals that the Court of Appeals did, in fact, misstate the prosecution's
21 argument with respect to the possession of cocaine charge. The prosecution did *not* argue two
22 alternative theories of possession. Rather, the prosecution argued only that the cocaine found in

SUPPLEMENTAL REPORT
AND RECOMMENDATION
PAGE -9

the vehicle was the same cocaine that petitioner gave to Curtis Walker to test, and that Curtis Walker gave back to him. (*See* Dkt. No. 22, Ex. 23 at 68.) Because the state argued a single theory at trial with respect to the possession charge, it appears that the offense is properly characterized as a continuing offense under state law and one which therefore does not implicate jury unanimity concerns.[2] *See State v. Petrich*, 101 Wn.2d 566, 571 (1984).

To the extent petitioner intends to argue, in the context of his jury unanimity claim, that the prosecutor failed to prove all elements of the possession charge beyond a reasonable doubt, the claim has not been properly exhausted and is therefore not subject to review in these federal habeas proceedings.

For the reasons set forth above, this Court recommends that petitioner's first and fourth grounds for federal habeas relief be denied. A proposed order accompanies this Supplemental Report and Recommendation.

DATED this 13th day of June, 2006.

Mary Alice Theiler
United States Magistrate Judge

---

[2] In addition, the Court notes that petitioner did not specifically allege or argue any federal constitutional basis for his jury unanimity claim in his habeas petition. The Court further notes, as it did in its original R&R, that while petitioner asserted in his petition for review that his right to a unanimous jury verdict was protected under both the state and federal constitutions, he relied solely on state case law to support his claim. Because federal habeas relief does not lie for errors of state law, *see Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), and because petitioner has not specifically argued any federal constitutional basis for his jury unanimity claim in either the state court or this court, the claim could also be denied on this ground.